IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. BK08-82149-TLS |
| KENNETH PAUL PICK and<br>CHARLOTTE MARIE PICK, | CH. 13 |
| Debtors. | |
| CARL GREEN,<br>d/b/a Signature Capital, | ADV. NO. A08-08081-TLS |
| Plaintiff, | |
| vs. | |
| SECURITY NATIONAL BANK, et al., | |
| Defendants. | |

## ORDER

THIS MATTER is before the Court on Defendant Security National Bank's Motion for Summary Judgment (Fil. #7), and a Resistance by Plaintiff (Fil. #11). Richard P. Garden, Jr. represented Security National Bank, and Mr. Carl Green appeared pro se.

The facts appear to be undisputed. Security National Bank is the successor-in-interest to Coleridge National Bank. Coleridge National Bank and Security National Bank made loans to Kenneth and Charlotte Pick, secured by Mr. and Mrs. Pick's real estate, equipment, accounts, two certificates of deposit, and farm products. The security interests were perfected by filings made on March 16, 2000.

Plaintiff asserts that he does business under the name of "Signature Capital." Mr. Green further asserts that he is the assignee of a judgment entered in the District Court of Cedar County, Nebraska, in an action entitled *Barbara MacDonald, Plaintiff v. Kenneth Pick, individually and as personal representative of the Estate of Dorthea A. Kleinschmit, and Charlotte Pick, Defendants, and Security National Bank, Intervenor*, Case No. CI-03-15. As part of his resistance to the motion for summary judgment filed by Security National Bank, Mr. Green offered a copy of the state court judgment whereby Ms. MacDonald's causes of action against Security National Bank were dismissed and judgment was entered in favor of Ms. MacDonald against Mr. and Mrs. Pick. As indicated, Mr. Green now claims to be the assignee of that judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to

adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004); *Williams v. Marlar (In re Marlar)*, 267 F.3d 749, 755 (8th Cir. 2001). To withstand a motion for summary judgment, the nonmoving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." *Austin v. Minnesota Mining & Mfg. Co.*, 193 F.3d 992, 994 (8th Cir. 1999) (quoting *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895 (8th Cir. 1992), *cert. denied*, 508 U.S. 906 (1993)). The responding party may not rest upon the mere allegations of its pleadings, but rather, must set forth specific facts supported by affidavits or other proper evidence showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). According to the Eighth Circuit Court of Appeals:

> In order to establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations." *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005). Instead, the plaintiff "must substantiate [her] allegations with sufficient probative evidence that would permit a finding in [her] favor." *Id.* at 873. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "[S]ummary judgment is proper when a plaintiff fails to establish a factual dispute on an essential element of her case." *Simpson v. Des Moines Water Works*, 425 F.3d 538, 542 (8th Cir. 2005) (quotation omitted).

*Anda v. Wickes Furniture Co., Inc.*, 517 F.3d 526, 531 (8th Cir. 2008).

Mr. Green's complaint contains five causes of action. However, a review of the complaint, and the evidence offered by Mr. Green in response to the motion for summary judgment shows that summary judgment is appropriate. Mr. Green's first cause of action seeks a declaration that "the defendants hold all real and personal property and funds as constructed [sic] trustee for the benefit of the plaintiff." In order to succeed on an action for imposition of a constructive trust, Mr. Green had the burden to establish, by clear and convincing evidence, that Security National Bank obtained its rights in the collateral by "fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained." *ProData Computer Services, Inc. v. Ponec*, 256 Neb. 228, 233-34, 590 N.W.2d 176, 181 (1999). Stated simply, there is no evidence that the security interests held by Security National Bank were the product of fraud, misrepresentation, or an abuse of an influential or confidential relationship. In fact, at several times during prior hearings, Mr. Green acknowledged on the record that he did not challenge the validity and priority of Security National Bank's security interest.

Mr. Green next alleges that Mr. and Mrs. Pick and their children engaged in fraudulent acts in furtherance of a scheme to put their assets beyond the reach of their creditors. He alleges that

Security National Bank "sat on its hands" and that it helped Mr. and Mrs. Pick "manipulate their financial circumstance" and that Security National Bank allowed Mr. and Mrs. Pick to negotiate a sale of certain farm assets to their children. However, there is no allegation of a transfer to Security National Bank. Therefore, there does not appear to be any transfer to Security National Bank to be set aside. As indicated previously, Mr. Green is not challenging the initial secured transfers of security interests to Security National Bank.

Mr. Green's third cause of action is entitled "Alter Ego," and does not mention Security National Bank. Mr. Green's fourth cause of action asserts a "civil conspiracy." Based on his response to the motion for summary judgment, Mr. Green's theory seems to be that Security National Bank participated in a conspiracy by failing to promptly exercise its rights under its security agreements. However, Mr. Green has failed to present any authority to support the proposition that failing to promptly exercise foreclosure rights constitutes participation in a civil conspiracy.

Finally, Mr. Green's complaint requests a determination of the dischargeability of the debt owed to him. Security National Bank is not implicated in this cause of action.

Based on the record, Security National Bank has met its initial burden to show that there are no material facts in dispute that would implicate it in the causes of action set forth in Plaintiff's complaint. The burden shifted to Mr. Green to set forth specific facts showing that there is a genuine issue for trial. He may not rest upon the mere allegations of his pleadings, but rather must set forth specific facts supported by affidavits or other proper evidence showing that there is a genuine issue for trial. Mr. Green has failed to do so.

IT IS, THEREFORE, ORDERED that summary judgment is entered in favor of Security National Bank and against Mr. Green. Security National Bank is dismissed as a defendant in this proceeding.

DATED: January 30, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Richard P. Garden, Jr.
    Carl Green
    Kathleen Laughlin
    U.S. Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.