IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| KENNETH PAUL PICK and ) | |
| CHARLOTTE MARIE PICK, ) | |
| ) | CASE NO. BK08-82149-TLS |
| Debtor(s). ) | A08-8081-TLS |
| CARL GREEN, d/b/a Signature Capital, ) | |
| ) | |
| Plaintiff, ) | CH. 13 |
| ) | |
| vs. ) | |
| ) | |
| DARIN[1] PICK; LISA PICK; DEAN PICK; ) | |
| KENNETH PICK; and CHARLOTTE PICK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the motion for summary judgment filed by defendants Darin Pick, Lisa Pick, and Dean Pick (Fil. #63), and objection by the plaintiff Carl Green (Fil. #71). Carl Green represents himself, and Ronald E. Temple represents the movants. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

In 2006, well before this bankruptcy case was filed, a state court judgment for nearly $163,000.00 was entered against the debtors. The plaintiff is the assignee of that judgment, and his attempts to collect on it have not been successful. He alleges that the debtors have fraudulently transferred assets to their adult children, who are co-defendants in this case, to protect those assets from creditors. He seeks the imposition of a constructive trust on the assets held by the defendants and a judgment that the debt due him is non-dischargeable.

Non-debtor defendants Darin, Lisa, and Dean Pick have moved for summary judgment, denying all allegations of fraudulent or illegal conduct or attempts to interfere with Mr. Green's collection of his judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving

---

[1] The complaint named "Darrin Pick" as a defendant, but the party's first name is actually "Darin." The correct spelling will be used in this order.

party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. *Hitt v. Harsco Corp.*, 356 F.3d 920, 923-34 (8th Cir. 2004).

Very few of the facts in this case are undisputed, for the simple reason that little discovery has been completed thus far. The following facts were gleaned from each party's evidence:

1. On March 6, 2003, Barbara McDonald sued Kenneth and Charlotte Pick in the District Court of Cedar County, Nebraska, at Case No. CI03-15.

2. On April 18, 2006, the District Court of Cedar County, Nebraska, entered judgment in the sum of $162,881.73 in favor of Barbara McDonald and against Kenneth and Charlotte Pick. The judgment resulted from Kenneth Pick's abuse of his fiduciary responsibility under a power of attorney via his unauthorized transfers of property from an elderly aunt to himself and/or his wife.

3. That judgment was subsequently assigned to Carl Green, doing business as Signature Capital, whose principal place of business is in Minnetonka, Minnesota.

4. Darin Pick is the son of Kenneth and Charlotte Pick. He is married to Lisa Pick.

5. Dean Pick is the son of Kenneth and Charlotte Pick.

6. Kenneth and Charlotte and Darin and Lisa, and perhaps Dean, are farmers. Darin, Dean, and Kenneth sometimes assist one another with farm work.

7. Kenneth and Charlotte owned, farmed, and lived on a quarter-section of real estate in Cedar County, Nebraska, near Hartington.

8. On occasion, cattle owned by Darin and Lisa, and perhaps Dean, were kept on Kenneth and Charlotte's farm.

9. On occasion, farm equipment owned or leased by Darin and Lisa was used and/or stored on Kenneth and Charlotte's farm.

10. In 2008, in connection with Mr. Green's judgment, the Cedar County Sheriff executed on personal property at Kenneth and Charlotte's farm.

11. The ownership of that property was disputed. This court subsequently granted relief from the automatic stay to permit the state court to determine the parties' rights to the property.

12. The underlying Chapter 13 petition was filed on Kenneth and Charlotte's behalf on August 25, 2008.

13. Darin and Lisa purchased the quarter-section of real property belonging to Kenneth and Charlotte at a trustee's sale in February 2009. Security National Bank, formerly known as Coleridge National Bank, executed a trustee's deed to Darin and Lisa in exchange for their high bid of $350,005.00. Mr. Green challenges that purchase, asserting that he had or has a judgment lien on the property.

In this lawsuit, Mr. Green alleges that transfers of property between Kenneth and Charlotte and their sons violate the Nebraska Uniform Fraudulent Transfer Act, which provides:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>   (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
>   (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>     (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>     (ii) intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
>
> (b) In determining actual intent under subdivision (a)(1) of this section, consideration may be given, among other factors, to whether:
>   (1) the transfer or obligation was to an insider;
>   (2) the debtor retained possession or control of the property transferred after the transfer;
>   (3) the transfer or obligation was disclosed or concealed;
>   (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>   (5) the transfer was of substantially all the debtor's assets;
>   (6) the debtor absconded;
>   (7) the debtor removed or concealed assets;
>   (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

  (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

  (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

  (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Neb. Rev. Stat. § 36-705.

The creditor seeking to set aside a fraudulent transfer bears the burden of proving, by clear and convincing evidence, that fraud existed in the questioned transaction. *Comcast of Illinois X v. Multi-Vision Elec., Inc.*, 504 F. Supp. 2d 740, 748 (D. Neb. 2007) (citing *Parker v. Parker*, 681 N.W.2d 735 (Neb. 2004)). However, where the transfer is between close relatives without adequate consideration, the burden is upon the parties to the transaction to establish that it was done in good faith. *United States v. Estate of Kime*, 950 F. Supp. 950, 957 (D. Neb. 1996) (citing caselaw relying on a prior version of the statute).

The debtors' bankruptcy schedules establish insolvency because they show liabilities exceeding assets. However, the creditor must also prove either the lack of a reasonably equivalent value, or intent to hinder, delay, or defraud. Neither element has been established on this record. Moreover, "[s]ummary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles." *McGee v. Hester*, 724 F.2d 89, 91 (8th Cir. 1983). For that reason, summary judgment cannot be granted and the parties should proceed with discovery on the issues in this case in a proper and timely manner.

IT IS ORDERED: The motion for summary judgment filed by defendants Darin Pick, Lisa Pick, and Dean Pick (Fil. #63) is denied.

DATED: December 29, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 *Ronald E. Temple
 Carl Green
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.