IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK08-82149-TLS |
| ) | |
| KENNETH PAUL PICK and ) | CH. 13 |
| CHARLOTTE MARIE PICK, ) | |
| ) | |
| Debtors. ) | |
| CARL GREEN, ) | ADV. NO. A08-08081-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SECURITY NATIONAL BANK, ) | |
| BANK OF HARTINGTON, DARRIN PICK, ) | |
| LISA PICK, DEAN PICK, KENNETH PICK, ) | |
| and CHARLOTTE PICK, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Hearing was held in Omaha, Nebraska, on February 28, 2011, on a motion to amend pleading (Fil. #200) filed by Plaintiff, Carl Green, and resistances filed by Security National Bank (Fil. #201); Darrin, Lisa, and Dean Pick (Fil. #203); Charlotte Pick (Fil. #208); Bank of Hartington (Fil. #210); and the United States Department of Agriculture/Farm Service Agency (Fil. #211). Carl Green appeared pro se; Richard P. Garden, Jr. appeared for Security National Bank ("Security"); Todd Vetter appeared for Darrin, Lisa, and Dean Pick; Howard T. Duncan appeared for Charlotte Pick; Robert L. Homan appeared for the United States Department of Agriculture/Farm Service Agency ("FSA"); and John Thomas appeared for Bank of Hartington ("Hartington"). This matter was taken under advisement, and is now ready for decision.

The motion to amend pleading (Fil. #200) is denied for the reasons set forth below.

*BACKGROUND INFORMATION*

The activities in this adversary proceeding and the underlying bankruptcy case (Case No. BK08-82149) have followed a long and confusing path. The following are the undisputed facts that can be gleaned from the records of the proceedings:

1.  On March 6, 2003, Barbara McDonald sued Kenneth and Charlotte Pick in the District Court of Cedar County, Nebraska, Case No. CI03-15.

2. On April 18, 2006, the District Court of Cedar County, Nebraska, entered judgment in the sum of $162,881.73 in favor of Barbara McDonald and against Kenneth and Charlotte Pick. The judgment resulted from Kenneth Pick's abuse of his fiduciary responsibility under a power of attorney via his unauthorized transfers of property from an elderly aunt to himself and/or his wife.

3. That judgment was subsequently assigned to Carl Green, doing business as Signature Capital, whose principal place of business is in Minnetonka, Minnesota.

4. Darrin Pick is the son of Kenneth and Charlotte Pick. He is married to Lisa Pick. Dean Pick is another son of Kenneth and Charlotte Pick. Kenneth is now deceased.

5. The Pick family members are/were farmers. Darrin, Dean, and Kenneth sometimes assisted each other with farm work.

6. Kenneth and Charlotte Pick previously owned, farmed, and lived on a quarter section of real estate in Cedar County, Nebraska, near Hartington, Nebraska. On occasion, cattle owned by Darrin and Lisa, and perhaps Dean, were kept on Kenneth and Charlotte's farm. Further, farm equipment owned or leased by Darrin and Lisa was used or stored on Kenneth and Charlottes' farm.

7. In 2008, in connection with Mr. Green's attempts to execute on his judgment, the Cedar County sheriff executed on personal property located at Kenneth and Charlotte's farm.

8. The underlying Chapter 13 petition was filed by Kenneth and Charlotte Pick on August 25, 2008.

9. The ownership of the property subject to attachment by the Cedar County sheriff was in dispute, and pursuant to a stipulation entered into by the Pick family members, this court granted relief from the automatic stay to allow the state court to continue to determine rights with respect to such property attached by the Cedar County sheriff (Fil. #130 in Case No. BK08-82149).

10. In their bankruptcy proceeding, Kenneth and Charlotte filed a motion to sell all of their personal property to Darrin and Lisa, free and clear of liens (Fil. #24 in Case No. BK08-82149).

11. On December 18, 2008, this court denied the motion to sell because, at that time, Carl Green held a secured claim in the property proposed to be sold and he did not consent to the sale (Fil. #56 in Case No. BK08-82149).

12. In that same order, this court granted relief from the automatic stay to Security and Carl Green to take whatever action was necessary to enforce their state law rights in their collateral. Essentially, the order provided that Kenneth and Charlotte did not have any equity in their real and personal property, and that it was not necessary to an effective reorganization since they had proposed to liquidate it by virtue of a sale to Darrin and Lisa.

      13.     On December 22, 2008, Carl Green filed this adversary proceeding.

      14.     For a period of time during 2009, Mr. Green was represented by counsel. During that time, a stipulated order was entered into by the Pick family and Mr. Green whereby the proof of claim filed by Mr. Green was reclassified as an unsecured claim in the amount of $201,552.37 (Fil. #120). Further, on February 14, 2009, Mr. Green withdrew his objection to confirmation of Debtors' Chapter 13 plan (Fil. #121) and the plan was confirmed.

      15.     In February 2009, Security proceeded to execute on its security interest by holding a trustee's sale of the real property and a U.C.C. sale of the personal property securing their indebtedness owed by Kenneth and Charlotte. Security, as trustee, executed a trustee's deed and a bill of sale to Darrin and Lisa Pick in exchange for their high bids of $350,005.00 for the real estate and $35,000.00 for the personal property. Mr. Green did not attend the sale.

      16.     On January 30, 2009, just prior to Security's trustee's sale, this court entered its order granting Security's motion for summary judgment and dismissing Security as a defendant in this proceeding.

      17.     On June 29, 2009, counsel for Mr. Green and Hartington entered into a joint motion to dismiss Hartington as a defendant in this proceeding (Fil. #42). That motion was granted by an order entered on June 30, 2009 (Fil. #43).

      18.     On October 26, 2009, Darrin, Lisa, and Dean Pick also filed a motion for summary judgment (Fil. #63), but their motion was denied by this court's order (Fil. #83).

      19.     On January 7, 2010, this court's order (Fil. #88) denied Mr. Green's untimely motion to reconsider the order dismissing Security as a defendant (Fil. #82).

## *DISCUSSION*

Mr. Green is now asking this court to allow him to amend his pleadings and to set a trial date. Even though the only defendants that currently remain in this case are the Pick family members, various other entities, as well as the Pick family, have filed objections to the motion to amend.

To say the least, Mr. Green's motion to amend is a confusing document. In the motion, Mr. Green does state "[t]he relief sought is the right to levy upon property which he is entitled to treat as belonging to the debtors, although the title is superficially lodged with other defendants named as parties herein." Mr. Green makes reference to the Nebraska Fraudulent Transfer Act and his intent to "undo the transfers of title" and asserts an entitlement to punitive damages on a "Civil Conspiracy claim."

Mr. Green then asserts in the motion that the amendment will make claims against Security and its attorneys under some sort of fraudulent transfer and/or civil RICO claims. He also attempts to describe some sort of a fraudulent transfer claim involving Debtors' counsel and, possibly, the

FSA. In any event, all such assertions are quite difficult to comprehend. Further, Mr. Green did not attach a proposed amended complaint.

Due to the confusing filings by Mr. Green, at the hearing on the motion to amend he was asked for some clarification. The complaint in this adversary proceeding, prior to the motion to amend, deals with an allegation of fraudulent transfers by Debtors to their children and further seeks a judgment that the debt due from Debtors is nondischargeable. Mr. Green stated that as part of the amendment he wants to seek a claim against Security that certain certificates of deposit pledged to Security were "taken" by Security without adequate consideration. He further believes that the sale of the real and personal property at the trustee's sale by Security in February 2009 was performed for insufficient consideration. Mr. Green further indicated that he felt he had to include the attorneys since he believes they received some of the money from Security. Importantly, Mr. Green acknowledged that he does not dispute, and is not disputing, the validity or priority of the security interest of Security in the certificates of deposit or the real estate. In other words, Mr. Green is not challenging the initial transfer of the security interests to Security. Instead, he has concerns with respect to the manner in which Security executed on its security interests.

Since Mr. Green is not challenging Security's receipt of a security interest in the certificates of deposit, and since the certificates of deposit were liquidated by Security prior to the bankruptcy filing, it is apparent that the certificates of deposit are not property of the bankruptcy estate. Again, it is difficult to understand what Mr. Green's claim may be as to the manner in which Security liquidated the certificates of deposit, but the undisputed facts are that Security had a valid prior, perfected security interest in such funds and exercised its interest therein. The motion fails to indicate any valid cause of action that may exist against Security. Further, as to Security's trustee's sale of its collateral, Security (and Mr. Green) received relief from the automatic stay to pursue their state law rights in and to their collateral and it was expressly held that there was no equity in the real and personal property of Debtors securing the claims of Security and Mr. Green.

Accordingly, such property was not beneficial to the bankruptcy estate, and relief from the automatic stay was granted. The order granting relief from stay was not appealed and is final. Security asserts that Mr. Green received notice of the sale, which he disputes. Regardless, if Mr. Green has a valid issue with respect to the manner in which the liquidation occurred, that is a matter between him and Security to be addressed in the state courts, not the bankruptcy court. No benefit to the bankruptcy estate could arise from resolving that dispute here.

As indicated, Hartington also objected to the motion to amend. When questioned at the hearing, Mr. Green asserted that prior to bankruptcy, Debtors surrendered a truck and a trailer to Hartington, who in turn sold those items of collateral for the sum of $37,000.00. No explanation was made as to why the complaint would need to be amended to add Hartington as a defendant. In any event, Mr. Green voluntarily dismissed Hartington as a defendant in this proceeding (*see* Fils. #42 and #43). Since Mr. Green chose to dismiss Hartington, he should not now be allowed at this late hour to bring Hartington back into this proceeding without any new allegations.

Mr. Green also mentions Debtors' counsel and FSA in his motion, without asserting any sort of valid cause of action against such parties. At the hearing, Mr. Green stated he just wanted to be sure that he had named everyone who might have an interest in the assets that he is trying to bring back into the estate.

As set forth above, Mr. Green has failed to allege any valid basis for amending the complaint at this late hour to name any of the objecting parties as defendants, other than the members of the Pick family who are already defendants. There are no new allegations as to such family members. Accordingly, all of the objections to the motion to amend are sustained and the motion to amend is denied.

Now, the question remains as to what issues exist for trial. The only defendants remaining in this case are the Pick family members. To the extent Mr. Green is claiming that there were transfers of property belonging to the bankruptcy estate to or among the Pick family members prior to commencement of the adversary proceeding, such issues shall proceed to trial. Further, any issue as to the dischargeability of the indebtedness held by Mr. Green may also proceed to trial. However, to the extent Mr. Green is seeking to challenge the adequacy of any transfer resulting from Security's exercise of its security interests (whether by execution against certificates of deposit, U.C.C. sale of personal property, or trustee's sale of real property), Mr. Green will not be allowed to do so. Mr. Green acknowledges the validity and priority of Security's interest in the certificates of deposit, Security has already been dismissed from this proceeding, and this court's order granting relief from the automatic stay to Security and to Mr. Green to pursue their state law rights and remedies is final. Any grievance Mr. Green may have as a junior lienholder should be taken up in the state court system, not here.

IT IS, THEREFORE, ORDERED that:

1. The motion to amend pleading (Fil. #200) is denied; and

2. The clerk of this court shall schedule a one-day trial, subject to the limitations set forth in this Order, to determine any fraudulent transfer claims asserted by Mr. Green with respect to transfers occurring prior to commencement of this adversary proceeding and with respect to the dischargeability of the indebtedness due to Mr. Green.

DATED: March 10, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Carl Green
    Richard P. Garden, Jr.
    Todd Vetter
    Howard T. Duncan
    Robert L. Homan
    John Thomas
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.